# UNITED STATES BANKRUPTCY COURT

# IN AND FOR THE DISTRICT OF ARIZONA

In re TSUYAKO McCONNEY,  )   Chapter 7 Proceedings
                         )   Case No. 05-24014-PHX-CGC
                         )
                         )   UNDER ADVISEMENT DECISION
                         )   RE: TRUSTEE'S OBJECTION TO
           Debtors.      )   CLAIMED EXEMPTION
_____)

Trustee David Reaves ("Trustee") objects to Debtor Tsuyako McConney ("Debtor") claiming a homestead exemption in $65,000 held in her Bank of America account. Debtor claims the funds exempt pursuant to Arizona's homestead statute, Arizona Revised Statute ("A.R.S.") section 33-1101. However, Debtor also claims a homestead exemption in a home in which she is currently living. The Trustee argues that she cannot claim a homestead exemption in both.

Debtor responded pro se to the Trustee's objection by letter dated February 3, 2006. According to Debtor, she owned a condominium unit in Mesa ("Unit 57") prior to filing bankruptcy. She lived in Unit 57 and considered it her homestead. In addition, she co-owned another unit in the same complex ("Unit 56"). In August, 2005, prior to filing bankruptcy, she sold Unit 57, netting approximately $125,000. She then used $60,000 of the $125,000 she netted to buyout the co-owner of Unit 56, pay down the existing financing and refurbish the unit. She then moved into Unit 56. She claims a homestead exemption in Unit 56 and in the remaining $65,000 in proceeds from the sale of Unit 57.

The matter came before the Court on March 8, 2006, at which time Debtor appeared through attorney Rory Lee Whipple. The Court granted the parties additional time to fully brief the exemption issue. After several extensions of time, the briefs have been filed and the matter is ripe for resolution.

The issue is straightforward. Can Debtor claim a homestead exemption in her new home and the remaining, unspent proceeds from the sale of her old home. The Trustee argues

no, and the Court agrees.  Debtor's argument is that A.R.S. section 33-1101 allows the proceeds from the sale of a homestead to remain exempt for up to 18 months, regardless of whether a new homestead has been purchased and a homestead exemption claimed on that new home.  She argues that she should have up to 18 months to spend those funds for the improvement of her homestead.  This, Debtor explains, furthers the policy behind the homestead exemption provision and the oft-cited principle that the exemptions should be broadly interpreted in the debtor's favor.

The statute is clear, however:

**A.** Any person the age of eighteen or over, married or single, who resides within the state may hold as a homestead exempt from attachment, execution and forced sale, not exceeding one hundred fifty thousand dollars in value, any one of the following:

1. The person's interest in real property in one compact body upon which exists a dwelling house in which the person resides.

2. The person's interest in one condominium or cooperative in which the person resides.

3. A mobile home in which the person resides.

4. A mobile home in which the person resides plus the land upon which that mobile home is located.

\*                               \*                               \*

**C.**  The homestead exemption, not exceeding the value provided for in subsection A, automatically attaches to the person's interest in identifiable cash proceeds from the voluntary or involuntary sale of the property. The homestead exemption in identifiable cash proceeds continues for eighteen months after the date of the sale of the property *or until the person establishes a new homestead with the proceeds, whichever period is shorter. Only one homestead exemption at a time may be held by a person under this section.*

Subsection A starts off clearly indicating that a person can only claim *one* exemption under the homestead statute.  Subsection C goes further and indicates that once a homestead is sold, the proceeds from its sale remain exempt for 18 months *or until a new homestead is established, whichever period is shorter.*  Further, the statute clearly states that only one homestead exemption can be claimed at a time.  Such a reading of the statute satisfies the purpose behind the homestead statute – protecting one from the forced sale of the family home.   Debtor's

home is still protected by her homestead exemption. Here, she used a portion of the original homestead proceeds to improve the new homestead. Whether those proceeds were exempt at the time is not determinable; once they were used to improve the new homestead, the resulting equity became subject to the exemption. However, once the new homestead was established, any claim of exemption to the remaining $65,000 evaporated.

While the Court is sympathetic to Debtor's plight, nothing in the statute allows for such an exception from its precise language

For the foregoing reasons, the Trustee's objection to exemptions is sustained.

So ordered.

DATED: ___May 15, 2006_____

_____
CHARLES G. CASE II
UNITED STATES BANKRUPTCY JUDGE

NOTICE PROVIDED BY THE BNC

3